# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ROBERT C. HOPES, JR., | ) |
| Plaintiff, | ) ) ) |
| vs. | )  CIVIL NO. 08-cv-712-DRH ) |
| LEWIS HACKLEMAN, J. HUNDT, C/O THOMAS and M. CROSS, | ) ) ) |
| Defendants. | ) ) |

## MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

In another action filed by Plaintiff, the Court separated the allegations in the amended complaint into three separate counts. *See Hopes v. United States Department of Justice*, Case No. 07-cv-101-DRH (S.D. Ill., filed Fed. 2, 2007). The Court found that none of the claims shared a defendant in common, further finding that his claims must be brought as three separate actions. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Plaintiff was advised of the Court's intention to sever Count 2 and Count 3 into two new cases, and he was given an opportunity to voluntarily dismiss those claims. Plaintiff agreed to severance of his claims into separate actions, which was done on October 7, 2008 (*see* Doc. 1).

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> > (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or

(2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Upon careful review of the complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; portions of this action are subject to summary dismissal.

The case currently before the Court deals only with Count 2 of the amended complaint. As defined by the Court, this action is solely against Defendants Hackleman, Hundt,[1] Thomas, and Cross for use of excessive force on December 5, 2005 (¶¶ 13-14, 17-18).[2] Plaintiff alleges that on that date, Hackleman struck him on the back of the head several times. Neither Hunt nor Thomas took any action to prevent this assault, although both were present at the time. Subsequent to this assault, as part of an investigation, Defendant Cross performed a medical assessment of Plaintiff's injuries.

The intentional use of excessive force by prison guards against an inmate without penological justification constitutes cruel and unusual punishment in violation of the Eighth Amendment and is actionable under Section 1983. *Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992); *DeWalt v. Carter*, 224 F.3d 607, 619 (7th Cir. 2000). "[W]henever prison officials stand accused of using excessive physical force in violation of the Cruel and Unusual Punishments Clause, the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson*, 503 U.S. at 6-7. An inmate seeking damages for the use of excessive force need not establish serious bodily injury to make a

---

[1] In the body of the complaint, this defendant's name is spelled "Hunt" rather than "Hundt" as identified in the caption of the complaint.

[2] Beginning on Plaintiff's page 7, which is actually page 9 of the amended complaint (Doc. 2), Plaintiff prefaces each paragraph as a claim number. For clarity, the Court will incorporate each of these paragraphs (or "claims") into one of the three counts.

claim, but not "every malevolent touch by a prison guard gives rise to a federal cause of action. . . . [the] prohibition of 'cruel and unusual' punishment necessarily excludes from constitutional recognition de minimis uses of physical force, provided that the use of force is not of a sort 'repugnant to the conscience of mankind.'" *Id.* at 9-10; *see also Outlaw v. Newkirk*, 259 F.3d 833, 837-38 (7th Cir. 2001). Thus, the Court is unable to dismiss the claim against Hackleman at this time.

As for Hundt and Thomas, Plaintiff asserts that they are equally as liable for his injuries due to their failure to intervene. The Seventh Circuit has examined this issue as it pertains to police officers who fail to intervene when a fellow officer exceeds his authority, and they stated:

> We believe it is clear that one who is given the badge of authority of a police officer may not ignore the duty imposed by his office and fail to stop other officers who summarily punish a third person in his presence or otherwise within his knowledge. That responsibility obviously obtains when the nonfeasor is a supervisory officer to whose direction misfeasor officers are committed. So, too, the same responsibility must exist as to nonsupervisory officers who are present at the scene of such summary punishment, for to hold otherwise would be to insulate nonsupervisory officers from liability for reasonably foreseeable consequences of the neglect of their duty to enforce the laws and preserve the peace.

*Byrd v. Brishke*, 466 F.2d 6, 11 (7th Cir. 1972); *see also Lanigan v. Village of East Hazel Crest*, 110 F.3d 467, 477 (7th Cir. 1997); *Yang v. Hardin*, 37 F.3d 282, 285 (7th Cir. 1994) (collected cases); *Archie v. City of Racine*, 826 F,2d 480, 491 (7th Cir. 1987). Accordingly, the Court is unable to dismiss the claim against Hundt and Thomas at this time.

However, the only allegation against Cross is that she performed a medical assessment of his injuries a few days after the assault. Such an altercation hardly implicates Cross as liable for the assault. Accordingly, Plaintiff has failed to state a claim against her.

## DISPOSITION

**IT IS HEREBY ORDERED** that Defendant **CROSS** is **DISMISSED** from this action with prejudice. Plaintiff is advised that, within the Seventh Circuit, dismissal of the claim against this

defendant counts as a strike for purposes of § 1915(g). *See George v. Smith,* 507 F.3d 605, 607-08 (7th Cir. 2007); *Boriboune v. Berge,* 391 F.3d 852, 855 (7th Cir. 2004).

**IT IS FURTHER ORDERED** that Plaintiff shall complete and submit a USM-285 form for Defendants **HACKLEMAN, HUNDT** and **THOMAS**, the **UNITED STATES ATTORNEY for the SOUTHERN DISTRICT of ILLINOIS** and **the ATTORNEY GENERAL of the UNITED STATES** within **THIRTY (30) DAYS** of the date of entry of this Memorandum and Order. The Clerk is **DIRECTED** to send Plaintiff **FIVE (5) USM-285 forms** with Plaintiff's copy of this Memorandum and Order. **Plaintiff is advised that service will not be made on a defendant until Plaintiff submits a properly completed USM-285 form for that defendant.**

The Clerk is **DIRECTED** to prepare Form 1A (Notice of Lawsuit and Request for Waiver of Service of Summons) and Form 1B (Waiver of Service of Summons) for Defendants **HACKLEMAN, HUNDT** and **THOMAS**. The Clerk shall forward those forms, USM-285 forms submitted by Plaintiff, and sufficient copies of the complaint, including copies for the United States Attorney and the Attorney General, to the United States Marshal for service.

The United States Marshal is **DIRECTED**, pursuant to Rule 4(c)(2) of the Federal Rules of Civil Procedure, to serve process on Defendants **HACKLEMAN, HUNDT** and **THOMAS** in the manner specified by Rule 4(d)(2) of the Federal Rules of Civil Procedure, *and* on the United States Attorney for the Southern District of Illinois and the Attorney General of the United States, Washington, D.C., pursuant to Rule 4(i) of the Federal Rules of Civil Procedure. All costs of service shall be advanced by the United States. For purposes of computing the passage of time under Rule 4(d)(2), the Court and all parties will compute time as of the date it is mailed by the Marshal, as noted on the USM-285 form.

With respect to former employees of Bureau of Prisons who no longer can be found at the work address provided by Plaintiff, the Bureau of Prisons shall furnish the Marshal with the

defendant's last-known address upon issuance of a court order which states that the information shall be used only for purposes of effectuating service (or for proof of service, should a dispute arise) and any documentation of the address shall be retained only by the Marshal. Address information obtained from the B.O.P. pursuant to this order shall not be maintained in the court file, nor disclosed by the Marshal.

The United States Marshal shall file returned waivers of service as well as any requests for waivers of service that are returned as undelivered as soon as they are received. If a waiver of service is not returned by a defendant within **THIRTY (30) DAYS** from the date of mailing the request for waiver, the United States Marshal shall:

- Request that the Clerk prepare a summons for that defendant who has not yet returned a waiver of service; the Clerk shall then prepare such summons as requested.

- Personally serve process upon the defendant pursuant to Rule 4 of the Federal Rules of Civil Procedure and 28 U.S.C. § 566(c).

- Within ten days after personal service is effected, the United States Marshal shall file the return of service for the defendant, along with evidence of any attempts to secure a waiver of service of process and of the costs subsequently incurred in effecting service on said defendant. Said costs shall be enumerated on the USM-285 form and shall include the costs incurred by the Marshal's office for photocopying additional copies of the summons and complaint and for preparing new USM-285 forms, if required. Costs of service will be taxed against the personally served defendant in accordance with the provisions of Federal Rule of Civil Procedure 4(d)(2) unless the defendant shows good cause for such failure.

Plaintiff is **ORDERED** to serve upon Defendants or, if appearance has been entered by counsel, upon that attorney, a copy of every further pleading or other document submitted for consideration by this Court. He shall include with the original paper to be filed with the Clerk of the Court a certificate stating the date that a true and correct copy of any document was mailed to defendant or his counsel. Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint, and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this cause is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings.

Further, this entire matter is hereby **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Plaintiff is under a continuing obligation to keep the Clerk and each opposing party informed of any change in his whereabouts. This shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs.

**IT IS SO ORDERED.**

**DATED: November 5, 2008.**

                                                  /s/   DavidRHerndon
                                            **CHIEF JUDGE**
                                            **UNITED STATES DISTRICT COURT**