IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ROBERT CHARLES HOPES, JR.     )<br>                                                )<br>    Plaintiff,                         )<br>                                                )<br>vs.                                                   )<br>                                                )<br>LEWIS HACKLEMAN, BRAD THOMAS,  )<br>JAMES HUNDT,                     )<br>                                                )<br>    Defendants.                      ) | Case Number: 08-cv-00712-DRH-DGW |

**REPORT AND RECOMMENDATION**

**Introduction**

This § 1983 action stems from an assault Plaintiff Robert Charles Hopes, Jr. alleges he was subjected to on December 5, 2005, while he was incarcerated in the federal penitentiary located in Marion, Illinois ("USP-Marion"). Plaintiff alleges defendants and correctional officers Lewis Hackleman, Brad Thomas and James Hundt ("Defendants") violated his Eighth Amendment rights because defendant Hackleman struck him several times in this back of his head, and defendants Thomas and Hundt failed to intervene to prevent the attack. *See* **Doc. 6.**

Defendants deny Plaintiff's allegations, but argue the Court need not address the merits of Plaintiff's complaint because Plaintiff failed to exhaust his administrative remedies in accordance with the Prison Litigation Reform Act (Doc. 25). They acknowledge Plaintiff filed requests for administrative remedies that address several other complaints, but maintain Plaintiff failed to file any complaints about the incident he says occurred on December 7, 2005 (Doc. 44, p. 8).

The court held a hearing to determine whether Plaintiff exhausted his administrative remedies to comply with the Seventh Circuit's opinion in ***Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008).** As discussed more in detail below, the Court agrees with Defendants, finds Plaintiff failed to exhaust his

administrative remedies and **RECOMMENDS** that Plaintiff's case against Defendants **BE DISMISSED.**

## Findings of Fact and Conclusions of Law

In the Court order setting the *Pavey* hearing, the Court gave the parties sixty days to conduct discovery solely regarding exhaustion, and required the parties to submit their evidence one week before the hearing (Doc. 27). Defendants complied with the Court's order and submitted their evidence prior to the hearing. Plaintiff, however, chose not to submit anything to the Court.

On August 20, 2009, the undersigned conducted the hearing. Defendants' sole argument was Plaintiff failed to take any steps to exhaust his administrative remedies for his claims against Defendants (Doc. 44, p. 8). In short, Plaintiff failed to file any requests for administrative remedies that mentioned the assault Plaintiff claims took place in December of 2005, even though Plaintiff filed forty-two administrative remedies about various other issues (Doc. 44, p. 11). To support their argument, Defendants submitted requests for administrative remedies in which Plaintiff claimed he was assaulted by officers other than Defendants on June 1, 2006 and July 14, 2006 (Docs. 31-4, 31-5). They also produced evidence showing on August 28, 2006, September 5, 2006, and January 12, 2007, Plaintiff filed complaints about being assaulted by on three additional occasions, without stating when these assaults took place (Doc. 31-1). Finally, Marty Skuta, USP-Marion's Legal Instruments Examiner, declared Plaintiff failed to file any requests for administrative remedies referring to an assault that took place on December 5, 2005 (Doc. 31-1).

During the hearing, Plaintiff chose not to produce any documentary evidence showing he exhausted his administrative remedies. He testified he exhausted by using the BOP's customary

process[1] for grieving his issue by submitting a request for administrative remedy to acting warden Chauncey Jennings; however, he alleges he did not receive a response (Doc. 44, pp. 13, 18 ). Plaintiff further explained he chose not to resubmit another request to USP-Marion's warden; however, he did send one to the North Central Regional Office once he was transferred to another prison (Doc. 44, pp. 13, 16). Finally, Plaintiff asked the Court to refer to the evidence he submitted in ***Hopes v. Department of Justice,*** **Civil Case Number 07-cv-00101-DRH** for proof he exhausted his administrative remedies (Doc. 44, p. 13).

After the hearing, and without first obtaining leave from this Court, Plaintiff filed exhibits that purportedly show he exhausted his administrative remedies (Docs. 41, 42). These exhibits consist of approximately 140 documents that are unrelated to this case. These exhibits have a date range from 2005-2009, and include letters Plaintiff wrote to government officials in 2007 and 2009. *See id.* For example, in a letter dated June 30, 2009, Plaintiff complained to a Bureau of Prison's regional director that defendant Hackleman assaulted him in December of 2005 (Doc. 41, p. 4). On July 1, 2009, Plaintiff wrote a similar letter to the Bureau of Prison's central office to inform the Department of Justice about the alleged assault (Doc. 41, p. 9). *See also* Doc. 41, p. 13 (an unaddressed letter dated August 4, 2009, in which Plaintiff complained about the assault). Plaintiff also included an incident report dated December 5, 2005, the same date of the alleged assault, which states he refused to obey defendant Hackleman's order to move from his cell (Doc. 42-1).

Defendants subsequently filed a motion to strike (Doc. 43) these exhibits because Plaintiff filed them after the hearing, and he also failed to produce them in response to their requests for production of

---

[1] Federal inmates must exhaust their administrative remedies at the prison level by following the normal administrative process established by the Bureau of Prisons; however, if their complaint involves a sensitive issue, they may file their complaints directly with the appropriate Regional Director. Plaintiff advised the Court he used the normal process to exhaust his administrative remedies; and therefore, exhausted his administrative remedies at the prison-level. 28 C.F.R. §542.10 *et seq;* (Doc. 44, 17-18).

documents.  Defendants argue that Plaintiff's decision to file these exhibits after the hearing and without producing them to Defendants contravened this Court's order, which permitted the parties to conduct limited discovery, and which also required the parties to submit their evidence to the Court one week before the hearing.  *See* Doc. 27[2].

The Prison Litigation Reform Act ("PLRA) provides "no action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison or other correctional facility until such administrative remedies as are available are exhausted.  42 U.S.C. § 1997e(a).   Federal prisoners must exhaust administrative remedies by following the guidelines set by the Bureau of Prisons ("BOP").  *See* 28 C.F.R. §542.10 *et seq.* A federal prisoner must take the following four steps to exhaust his administrative remedies. First, he must attempt to resolve it informally with the prison's staff.  28 C.F.R. §542.13.  Second, after trying to resolve his concerns informally, he must submit a written Administrative Remedy Request (BP-9) to the Warden. 28 C.F.R. §542.14. These first two steps must be performed within 20 days of the incident about which the inmate complains. *Id.* Third, if his administrative remedy request is denied, he may appeal it to the appropriate regional director by submitting at BP-10 form.  28 C.F.R. § 542.15.  And fourth, if the inmate is unsatisfied with the regional director's response, he may appeal that decision to the general counsel (BP-11). *Id.* While this four step process is the normal route an inmate must utilize to exhaust his administrative remedies, if the inmate reasonably believes the issue is sensitive and the inmate's safety or well-being would be placed in danger if his administrative request became known at the institution, he does not have to send his administrative request to anyone at the prison. 28 C.F.R.

---

[2] After the hearing, Plaintiff also filed a "Motion for Consideration and Pleading as to Why this Court Should Hear and Try the Case (Doc. 38) to bolster his argument that he exhausted his administrative remedies.  That motion was denied (Doc. 52).

§542.14. Instead, he can mark the request "Sensitive", explain why he did not submit his request to the prison, and send it directly to the appropriate "Regional Director." *Id.*

The PLRA requirements may appear stringent; however, "the exhaustion requirement is not jurisdictional." **Kaba v. Stepp, 458 F.3d 678, 684 (7th Cir. 2006) (citing *Woodford v. Ngo,* 548 U.S. 81, 126 S.Ct. 2378, 165 L.Ed.2d 368 (2006).** "If administrative remedies are not "available" to an inmate, then the inmate cannot be required to exhaust." *Id.* Administrative remedies are "not available" when "prison officials prevent inmates from using the administrative process detailed in the Code of Federal Regulations, the process that exists on paper becomes unavailable in reality." *Id.* Nevertheless, an inmate cannot rely on an argument that an administrative remedy is "unavailable" when the reason why he failed to exhaust is his own fault. ***Id; Schaefer v. Bezy,* 2009 WL 1931187, \*\*2 (7th Cir. July 7, 2009);** *see also, Pavey,* **544 F.3d at 742.** For example, when an inmate fails to "file a grievance in a timely manner, the process is not unavailable but rather forfeited." **Kaba, 459 F.3d at 684.**

Based on the hearing and the record before the Court, the Court finds Plaintiff failed to exhaust his administrative remedies. According to BOP guidelines, Plaintiff was required to try and resolve his complaint informally, and then file an administrative remedy request within 20 days of the assault Plaintiff alleges occurred on December 5, 2005. There is no evidence showing Plaintiff tried to resolve his complaint informally. Moreover, for the following reasons, Plaintiff's account of his attempt to file an administrative remedy request with acting-warden Chauncey Jennings is not credible.

First, Plaintiff has filed forty-two requests for administrative remedies while he has been incarcerated within the Bureau of Prisons, and has produced to the Court approximately 140 documents consisting of what appears to be his entire prison file. Most of these exhibits are irrelevant to the incident. Moreover, Plaintiff's intricate knowledge of the BOP's grievance procedures, and the large number of documents Plaintiff has belatedly produced to the Court leads the undersigned to believe that

if Plaintiff had given Chauncey Jennings a request for an administrative remedy in December of 2005, Plaintiff would have been able to produce a copy of it.

Second, the letters Plaintiff wrote to various governmental officials in the BOP's regional offices were written in 2007 and 2009. *See* Docs. 40, 41. These letters are untimely and were directed to the wrong people. As noted above, Plaintiff advised the Court that he exhausted his administrative remedies by using the customary BOP procedures. In other words, Plaintiff claims he exhausted at the prison level. Since Plaintiff was not attempting to complain about a "sensitive matter," letters directed to people working at the BOP regional offices serve no purpose in exhausting Plaintiff's claims.

Finally, the court documents Plaintiff filed in **Hopes v. Department of Justice, Civil Case Number 07-cv-00101-DRH** do not support Plaintiff's argument that he exhausted his administrative remedies for his claims against defendants *Hackleman, Thomas, and Hundt.* The Court moreover reminds Plaintiff that if there was evidence in that case to support his argument here, *he* should have produced it before or during the hearing, rather than asking the Court to look in an unrelated file. "It is not the duty of the district court to scour the record." *Roger Whitmore's Auto. Serv. Inc., v. Lake County, Il.,* **424 F. 3d 659, 664 (7th Cir. 2005).** *And see United States v. Dunkel,* **927 F.2d 955, 956 (7th Cir. 1991) ("judges are not like pigs, hunting for truffles in briefs.")**

### Conclusion

Based on the foregoing, the Court concludes Plaintiff failed to exhaust his administrative remedies, and this failure Plaintiff's fault. It is therefore **RECOMMENDED** that the case be **DISMISSED.**

**IT IS SO ORDERED.**

**Dated: May 21, 2010**

*s/ Donald G. Wilkerson*
**DONALD G. WILKERSON**
**United States Magistrate Judge**